FILED
SEP 0 3 2021
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| RICHARDS BUILDING SUPPLY, LLC, | )<br>) |
| PLAINTIFF, | )<br>)<br>) |
| v. | ) CASE NO.: 5:21-CV-281<br>)<br>) |
| DREW HEGARTY | )<br>) |
| DEFENDANT. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

NOW COMES Defendant, and files this Memorandum in Support of Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure, 12(b)(1) and 12(b)(6) and states as follows:

### FACTUAL ALLEGATIONS

Plaintiff, a North Carolina limited liability company filed suit against Defendant, a citizen of North Carolina on July 1, 2021, based on diversity jurisdiction according to the citizenship of Plaintiff LLC's Members. [Compl. ¶5, 6]. Plaintiff LLC alleges it has two Members, to wit: Richard J. Guzior Living Trust Number 3, dated November 26, 2019 and Christine E. Guzior Living Trust Number 2, dated November 26, 2019 (hereinafter collectively referred to the "Guziors' Trust") [Compl. ¶5]. Plaintiff does not allege the state of administration nor the situs of the Guziors' Trust, but instead relies upon the citizenship of the alleged trustee and beneficiary. Plaintiff does not allege the trustee and beneficiary are individual Members of the Plaintiff LLC. Therefore, diversity jurisdiction cannot be established. This omission is fatal to Plaintiff's Complaint and its claims.

## CONTROLLING LAW

Where a case is brought in federal court on the basis of diversity jurisdiction, under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *See Central West Virginia Energy Co.*, 636 F.3d. 101, 103 (4th Cir. 2011) *citing* 28 U.S.C. § 1332(a)(1).

With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Id. (citing Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). **For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members.** *Id.*; *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). "In the absence of complete diversity, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332." *First American Nat. Bank v. Straight Creek Processing Co.*, 756 F. Supp. 945, 945 (E.D. Va. 1991).

## ARGUMENT

Plaintiff has failed to allege the citizenship of the members of the Plaintiff LLC. Plaintiff identifies two separate trusts as the members but only alleges the citizenship of the trustee and beneficiary – but not of the trusts themselves. There is simply no allegation within Plaintiff's Complaint that sets out the citizenship of each trust. At the respective trusts are the members of the Plaintiff LLC, it is the trusts citizenship that is determinative in this case. As Plaintiff's Complaint has failed to properly allege diversity jurisdiction the underlying claims, this Court does not have subject matter jurisdiction and should be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1). In addition, by lacking subject matter jurisdiction, Plaintiff's Complaint

must also fail as they fail to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, 12(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that this Honorable Court dismiss Plaintiff's Complaint for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(6).

*This the 3rd day of September, 2021.*

DREW HEGARTY, *Pro Se*
6608 Swallowtail Lane
Raleigh, NC 27613
(919) 795 - 6887

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of this filing was served upon counsel of record in this action *via facsimile* and by depositing a copy in the U.S. Mail, postage prepaid and addressed as follows:

      **c/o Tracy L. Eggleston**
      **COZEN O'CONNOR**
      **301 South College Street, Suite 2100**
      **Charlotte, NC 28202**

      c/o Mitchell J. Edlund and Corey T. Hickman
      **COZEN O'CONNOR**
      123 N. Waker Drive, Suite 1800
      Chicago, IL 60606

This the 3rd day of September, 2021.

                                              DREW HEGARTY, *Pro Se*
                                              6608 Swallowtail Lane
                                              Raleigh, NC 27613
                                              (919) 795 - 6887