IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-281-BO

| | | |
|---|---|---|
| RICHARDS BUILDING SERVICES, <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | O R D E R |
| DREW HEGARTY, <br> Defendant. | ) <br> ) <br> ) | |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded and the motion is ripe for adjudication. For the reasons that follow, the motion to dismiss is denied.

## BACKGROUND

Plaintiff is a building installation limited liability company who employed defendant to sell roofing, siding, and window installation services until defendant's termination on April 20, 2021. A month after his termination, defendant allegedly began performing the same building installation services in the same market. Defendant was allegedly soliciting plaintiff's clients with which defendant had previously worked. This Court granted plaintiff's request for a preliminary injunction on August 2, 2021. Defendant then filed the instant motion to dismiss.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac*

*R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

"For purposes of diversity jurisdiction, the citizenship of a limited liability company ... is determined by the citizenship of all of its members." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). To satisfy statutory diversity pursuant to 28 U.S.C. § 1332, a complaint must on its face allege complete diversity, "*i.e.,* [] there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

"[T]he citizenship of a business trust is determined based on the citizenship of its members, while the citizenship of a traditional trust is based on the citizenship of its trustee." *Cartwright v. SSC Yanceyville Operating Co., LLC*, 2018 WL 6680925, at *4 (M.D.N.C. Dec. 19, 2018); *see Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, 822 F.3d 739, 749 (4th Cir. 2016); *see generally Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) ("when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." (citation omitted)).

Defendant argues that diversity jurisdiction has not been asserted because plaintiff failed to allege the citizenship of the members of Richards Building Services, LLC.[1] Plaintiff states in its complaint that the LLC is comprised of two members: the Richard J. Guzior Living Trust Number 3 and the Christine E. Guzior Living Trust Number 2. Richard Guzior, a citizen of Illinois,

---

[1] Defendant made no arguments to support his motion to dismiss under Rule 12(b)(6).

is the sole trustee of the Richard trust. Christine Guzior, a citizen of Illinois, is the sole trustee of the Christine trust. Complaint at ¶ 5. For the purposes of this litigation, the two trusts carry Illinois citizenship because of the Illinois citizenship of their trustees. *See Cartwright*, 2018 WL 6680925 at *4; *see Zoroastrian*, 822 F.3d at 749.[2] The plaintiff LLC is thus a citizen of Illinois. Defendant is a citizen of North Carolina. The Court finds that plaintiff sufficiently alleged plaintiff's citizenship in the complaint. The Court finds that there is complete diversity between the parties. According, defendant's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 30] is DENIED.

SO ORDERED, this 18 day of April, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Courts throughout the nation have had difficulty interpreting issues relating to the citizenship of trusts. Regardless of which method is taken to determine the citizenship of the trusts in this case, the Court still finds the LLC a citizen of Illinois and thus complete diversity exists. *See generally GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 32, 39-41 (3d Cir. 2018) (also providing steps to distinguish a traditional trust from a business trust); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 722, 725-31 (2d Cir. 2017) (also distinguishing business and traditional trusts); *Wang v. New Mighty U.S. Trust*, 843 F.3d 487, 489-95 (D.C. Cir. 2016) (also defining traditional trust).